CALLOWAY, J., Ad Hoc..
|! Mary Lee Lain (“Mary”) • appeals the trial court’s judgment awarding the lapsed legacy of John Simon (“John”) to intestate heirs of dededent Willie James Lain (“Willie”). For the reasons set forth in this opinion, we affirm.
FACTS AND PROCEDURAL HISTORY
On February 26, 2015, this succession matter went before the trial court on remand from this court pursuant to In Re Succession of Lain, 49,261 (La.App.2d Cir.8/20/14), 147 So.3d 1204. The facts are detailed in the previous opinion.
Willie and Rosie Mae Lain (“Rosie”) were married on Dedember 27, 1947. However, in 1981 they executed separate statutory wills in which each left his or her entire estate to the other. Willie and Rosie did not have any natural children born of the marriage. However, Rosie’s mother, Ethel Levi, requested that Rosie raise Ethel’s youngest child, John Simon (“John”). Willie and Rosie purportedly adopted John in the 1950s, when John was still a child. When Rosie died on July 2, 2006, her will was not probated.
This matter involved the review of a notarial will executed by Willie on July 26, 2006. In this will, Willie revoked all wills that he had previously made and bequeathed his entire estate “to.be shared equally among his natural and. adoptive children who are Mary Lee Lain ... and John Simon.”
Mary is actually the daughter of Willie’s brother, Martel Lain, Jr. Athough Mary and .Willie had a close relationship, Mary admitted that she bwas never adopted by Willie, contrary-to the statement in his will.
Willie died on'June 4, 2012, but John predeceased him on July 16, 2011. John’s share was claimed by Nelda Lawrence (“Nelda”), his alleged daughter. Nelda was born in 1968 to Shirley. Doyle (“Shirley”), who was married to Roosevelt Freeman at the time of Nelda’s birth. However, it is alleged that John had a sexual relationship with Shirley around the time of Nelda’s birth, and that from this relationship Nelda was conceived.
*1127 On November 4, 2018, the trial court ordered that the Texas judgment recognizing Nelda as John’s daughter be giving-the full faith and credit in these proceedings. Further, the trial court ordered that Willie’s will and codicil be probated, and that Mary and Nelda be recognized as his legatees,
On appeal, this court determined .that the record was void of any evidence of any contestation or disavowal of Nelda’s paternity, and reversed the judgment of the trial court, “insofar as it failed to dismiss all claims of Nelda.” The matter was remanded for a determination of Willie’s intestate heirs, their joinder in this proceeding, and a determination of the effect of the lapsed legacy of . John.
Following this court’s decision, counsel -for Mary filed a “Motion With Applicable Law,” seeking to have the trial court act on the decision. On remand, the trial court had to determine the legal effect of John’s lapsed legacy. On April 1, 2015, the trial court rendered judgment recognizing Mary as testamentary heir of one-half of Willie’s estate, and recognized the intestate heirs as the heirs of the remaining one-half. Mary appeals.
JjLAW AND DISCUSSION
In her sole assignment of error, Mary argues that the trial court erred in disregarding the instruction of this court regarding the effect of John’s death on the disposition of the legacy left to him. Specifically, Mary argues that John’s death caused a lapse of the legacy to him, which further caused accretion to take place in her favor.
Testamentary dispositions are particular, general, or universal. La. C.C. art. 1584. A universal legacy is a disposition of all of the estate, or the balance or the estate that remains after particular legacies. La. C.C. art. 1585. A universal legacy may be made jointly for the benefit of more than one legatee without changing its nature. Id. A general legacy is a disposition by which the testator bequeaths a fraction or a certain proportion of the estate, or a-fraction or certain proportion of the balance of the, estate that remains after particular legacies. La. C.C. art. 1686. In addition, a disposition of property expressly-described by the testator as all, or a fraction or a certain proportion of one of the following categories of property, is also a general legacy: separate or community property, movable . or immovable property, or corporeal or incorporeal property. Id.
A legacy to more than one person is either joint or separate. ■ La. C.C. art. 1588. It is separate when the testator assigns'shares and joint when he’does not, Id. Nevertheless, the testator may make a legacy joint or separate by expressly designating it as such. Id.
A legacy lapses when the legatee predeceases the testator. La. C.C. art. 1589(1). Testamentary accretion takes place when a legacy lapses. La. |4C.C. art. 1590.- Accretion takes place according to the testament, or, in the absence of a governing testamentary provision, according to the following Articles. Id. When a particular or general legacy lapses, accretion takes place in favor of the successor who, under the testament, -would have received the thing if the legacy had not been made. La. C.C. art. 1591. When a legacy to a -joint legatee lapses, accretion takes place ratably in favor of the other joint legatees, except as provided in the following Article. La. C.C. art. 1592. If a legatee, joint or otherwise, is a child or sibling of the testator, or a descendant of a child or sibling of the testator, then to the extent that the legatee’s interest in the legacy lapses, accretion takes place in favor of his descendants by root who were in existence at the *1128 time of the decedent’s death. La. C.C. art. 1593. All legacies that lapse, and are not disposed of under the preceding Articles, accrete ratably to the universal legatees. La. C.C. art. 1595. When a general legacy is phrased as a residue or balance of the estate without specifying that the residue or balance is the remaining fraction or a certain portion of the estate after the other general legacies, even though that is its effect, it shall be treated as a universal legacy for purposes of accretion under this article. Id. Any portion of the estate not disposed of under the foregoing rules devolves by intestacy. La. C.C. art. 1596.
The jurisprudential rule is that a legacy to multiple people “to be shared and shared alike” or “shared equally” is a designation of shares and thus a separate legacy, unless the testator clearly had a contrary intent. See Succession of Lambert, 210 La. 636, 28 So.2d 1 (1946); see also Succession of McCarron, 247 La. 419, 172 So.2d 63 (1965); In Re Succession of Lain, supra.
In Succession of Lambert, supra, the testator bequeathed the “residue of his estate to my brothers Robert Vincent Lambert and Albert Lambert share and share alike.” (Emphasis added.) Albert Lambert predeceased the testator. The supreme court noted that the phrase “share and share alike” means “in equal shares or proportions.” In analyzing the will, the supreme court found:
By giving effect, therefore, to all of the words of the will in question as must be done, especially those in the controversial clause, and by interpreting them reasonably using their popular and ordinary meaning, the conclusion is inescapable that the testator when employing the phrase ‘share and share alike’ deliberately and definitely divided the residue of the estate between his brothers, Albert and Robert Lambert, leaving it to them in the proportion of one-half to each; he, in other words, assigned the part of each colegatee in the thing bequeathed. It follows logically that the legacy is not governed by the exception to the general rule respecting testamentary accretion, and the lapsed portion bequeathed to Albert Lambert devolves upon the legitimate heirs of the testator.
Likewise, in Succession of McCarron, supra, the testatrix bequeathed “all personal and real property in my name to my two brothers, Joseph William McCarron, Sr., and Merlin E. McCarron, Sr., to be shared equally.” (Emphasis added.) Merlin E. McCarron, Sr., predeceased the testatrix. The supreme court found that the bequest at issue was not made conjointly to the testatrix’s brothers. Therefore, it found that no accretion took place in favor of Joseph William McCarron, Sr., which would have gone to Merlin E. McCarron had he survived the testatrix.
Here, Willie bequeathed his entire estate “to be shared equally among |fihis natural and adoptive children who are Mary Lee Lain ... and John Simon.” John predeceased Willie. Mary argues that the effect of John’s death caused a lapse of the legacy to him pursuant to La. C.C. art. 1589, which further caused accretion in her favor, since she is the remaining joint legatee. We disagree.
We acknowledges that this court previously found that the record did not establish that John was Willie’s adopted child. Consequently, his lapsed legacy did not accrete in favor of John’s descendant pursuant to La. C.C. art. 1593. Further, Willie’s will did not- include a provision for lapsed legacies. In the absence of this provision, John’s portion devolved to Wil-ke’s intestate heirs.
In light of the above cited articles of the Civil Code, .as well as the jurisprudence *1129 discussed above, we find'that Willie’s bequest was not made conjointly to Mary and John. No accretion took place in Mary’s favor. Therefore, we find that the trial court did not err in finding that Willie’s intestate heirs may assert their rights pursuant to La. C.C. art. 1596.
Therefore, this assignment of error is without merit.
CONCLUSION
For the foregoing reasons, the judgment of the trial , court recognizing Mary Lee Lain as testamentary heir of one-half of the Willie James Lain’s estate, and recognized the intestate heirs as the heirs of the remaining one-half, is affirmed. Costs, of this appeal are assessed against the appellant, Mary Lee Lain.
AFFIRMED.